JACKSON, sheriff, *et al. v.* BLACKWELL.

No. 8449. October 15, 1931.

*Joseph G. Collins,* for plaintiffs in error.    *J. B. Jones,* contra.

GILBERT, J.   On January 10, 1921, H. A. Autry conveyed to White County Bank described land by warranty deed for the purpose of securing a debt of $1060.   On Dec. 29, 1924, H. A. Autry became surety on the bond of the tax-collector, which bond was duly recorded, and by reason of its execution it became an encumbrance on the land of Autry, second to the security deed to the bank.   On February 3, 1925, N. J. Autry, father of H. A. Autry, loaned the latter $1660, $1060 for the express purpose of paying off and discharging the debt due White County Bank, and $600 for the purpose of paying up sundry other debts.   N. J. Autry demanded, as a condition to the loan, that the security deed held by the bank be canceled and that he receive the same kind of security, and the same was given.   The clerk of the superior court was authorized to, and did, enter a cancellation across the face of the record of the bank's deed.   N. J. Autry received a note for $1660, signed by H. A. Autry, with a security deed, and in turn executed a bond conditioned to reconvey the land on payment of the amount of the loan.   The loan was never paid.   The evidence required a finding that the note was surrendered to H. A. Autry, and was marked paid, seemingly by him.   The bond for title was returned to N. J. Autry, the father, who subsequently conveyed the land to another son, who in turn conveyed it to Y. S. Blackwell.   On June 15, 1929, the ordinary of White County issued an execution against H. A. Autry as surety on the bond of the tax-collector, which was levied on the land.   Blackwell filed a petition seeking to enjoin the sale of the land under and by virtue of the execution. The petition alleged that N. J. Autry "became in equity and good conscience the owner of the title of the bank in said property" on his payment of the claim of the bank against H. A. Autry, and prayed that "petitioner be subrogated to all the rights that said

White County Bank had in said property." On the trial the jury found in favor of the plaintiff. The defendants moved for a new trial, which was denied.

Under the facts of this case the payment of the bank's debt by N. J. Autry was voluntary. N. J. Autry did not advance the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or where he had some interest to protect, or where he advanced the money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor. *Benenson v. Evans,* 162 *Ga.* 578 (134 S. E. 441); *Investors Syndicate v. Thompson,* 172 *Ga.* 203, at p. 213 (158 S. E. 20). Under the evidence a verdict for the defendants was demanded; consequently the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents.*